**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02815-KMT

**Carla Archuleta**,

      Plaintiff,

v.

**NORTH CONEJOS SCHOOL DISTRICT**,

      Defendant.

---

**[PROPOSED] SCHEDULING ORDER**

---

**1.  DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

A scheduling conference was held on January 21, 2015 at 10:00 a.m. where

Plaintiff Carla Archuleta was represented by Ralph G. Torres, Esq., Law Offices of

Ralph G. Torres, 1801 Broadway, Suite 1100, Denver, CO  80202, phone: (303) 297-

8427.  Defendant  North Conejos School District was represented by W. Stuart Stuller,

Esq., and M. Gwyneth Whalen, Esq., Caplan and Earnest, LLC, 1800 Broadway, Suite

200, Boulder, CO  80302, phone: (303) 443-8010.

**2.  STATEMENT OF JURISDICTION**

This is an employment discrimination action brought under various federal

1

statutes.  This Court may exercise subject matter over this case pursuant 28 U.S.C. § 1331.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a.      **Plaintiff:**  Plaintiff was discriminated against by Defendant and its members/managers due to her age, sex, national origin, Hispanic Female, religion and in retaliation for complaining about her treatment, resulting in her termination on or about August, 2013.

b.      **Defendant:**

Ms. Archuleta was the School District's Assistant Superintendent.  Her duties included serving as the District's Assessment Coordinator for the administration of the standardized tests required by the State of Colorado under the Transitional Colorado Assessment Program (TCAP).

During the 2012-2013 school year, the Colorado Department of Education (CDE) initiated an investigation in the District into possible violations of TCAP testing protocols. CDE investigators interviewed seventeen current or former employees of the School District and then wrote a report based upon its investigation.

The resulting Report was forwarded to the Board of Education with a cover letter from Colorado's Commissioner of Education Robert Hammond.  Commissioner Hammond notified the Board that CDE had found numerous violations of testing protocols over several prior years.  He stated: "These violations stem from the failure of

2

Assistant Superintendent Carla Archuleta to carry out the duties of District Assessment Coordinator."

The Investigative Report concluded that Ms. Archuleta had submitted forms to CDE falsely indicating that she had implemented the required training, failed to provide directions regarding test security, failed to provide a testing schedule and did not require schools to have set testing schedules; failed to monitor test administration and security; failed to display a professional approach to testing; failed to report that test materials had been left in an unsecure location.

As a penalty for the violations, the Department suppressed TCAP scores from La Jara Elementary School for two years and lowered the School's accreditation rating. The Report stated: "Ms. Archuleta, who has a history of repeated failure to follow and enforce the security and test administration policies and procedures, and should be permanently replaced."

These concerns were discussed with Ms. Archuleta at a Board meeting, and the Board supported Ms. Archuleta's request that she, the Superintendent, and Board President conduct a conference call with CDE to share the information in Ms. Archuleta's defense.  After receiving and reviewing Ms. Archuleta's materials, CDE notified the Board:

> After a thorough review of the additional information provided by Ms. Archuleta, the conclusion that violations of standardized test administration and security policies and procedures occurred remains unaltered. Our original response to the issues uncovered in the

investigation was appropriate and the sanctions and recommendation
still stand.

The Board of Education then exercised a provision in Ms. Archuleta's contract
under which the Board could unilaterally terminate the contract by paying Ms. Archuleta
any money that was due to her for the remainder of the contract year.

Ms. Archuleta was not dismissed because of national origin, gender, religious
beliefs, or age.  After the Colorado Department of Education sanctioned the District for
failures to comply with TCAP testing procedures that CDE attributed to Ms. Archuleta's
failure to carry out her duties as District Assessment Coordinator.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      Ms. Archuleta is a 52 year old Hispanic female, non-Mormon, and was
employed by the School District from July 1, 2008 through August 20, 2013 in various
positions, being the Assistant Superintendent at the time of her termination.

2.      North Conejos School District in Conejos County is a political subdivision
of State of Colorado, providing public K-12 education and governed by the District's
Board of Education, and at all times material hereto employing more than 15
employees.

3.      Ms. Archuleta has exhausted her administrative remedies with the Equal
Employment Opportunity Commission.

## 5.  COMPUTATION OF DAMAGES

**Plaintiff:**    Unpaid leave and unused vacation - $5000.00
Loss of Income:  approximately $7000.00 to date
Medical Expenses:  $2400.00 to date
Loss of PERA retirement benefits – $27,000/year of not being employed
                by the School District.
Loss of benefits:  Medical insurance: $194.00/month
Attorney Fees and Costs: *Confidential*
Compensatory Damages: In an amount to be determined
        (as a result of the negative publicity associated with Plaintiff
        in the small community in which she lives and works.)

**Defendants:** The District is not asserting any damages claims against Ms. Archuleta.

## 6.  REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      A Rule 26(f) conference was held on December 23, 2014 @ 10:30 a.m.

via: telephone between counsel for the parties.

b.      Due to the holiday schedule  the parties' Initial F.R.Civ.P. 26(a)(1)

Disclosures were made on January 14, 2015.

c.      The Parties have not reached any agreements regarding informal
discovery at this time.

d.      The parties have agreed to use a unified exhibit numbering system.

e.      <u>Plaintiff:</u>  Anticipates requesting email communications and
documentation maintained and transmitted between all supervisors,
members of the School Board and/or individuals with knowledge and
information relating to this action from the School District's computer
generated data servers, stand alone pc's and PDA devices.

      <u>Defendant:</u>  Defendant will work with Plaintiff cooperatively to secure the
requested email communications.

5

f.      At this stage, the parties have not engaged in settlement discussions, however anticipate doing the same following the conclusion of discovery.  The parties believe that having an early settlement conference with U.S. District Court Magistrate Judge Tafoya would be helpful.

## 7.  CONSENT

The parties will not be consenting to exercise the jurisdiction of a magistrate judge in this matter; however, as stated above request the U.S. District Court Magistrate Judge Tafoya schedule a settlement conference.

## 8.  DISCOVERY LIMITATIONS

a.      **Plaintiff:**  Due to the fact that there were numerous members of the School Board involved in various time periods of Plaintiff's employment during which the complaint allegations relate – that number, in addition to the individuals involved with investigating and prepare the CDE Report, conducting the TCAP testing at the school and various employees who performed job duties and responsibilities relating to these events, the presumptive limit of 10 depositions may need to be exceeded.

**Defendant:** Does not anticipate any modifications to the presumptive limits of 10 depositions except that expert depositions, if any, should not be included in that limit.

Both parties agree to the presumptive limit of 25 interrogatories.

b.      Both parties agree to conduct depositions in accordance with applicable rules including the limiting of length to one day of seven hours.

c.       Both parties do not propose any modification to the presumptive limit of 25 requests for admission and 25 requests for production.

d.      Other Planning or Discovery Orders:  Nothing at this time.

## 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:
        **March 31, 2015**

b.      Discovery Cut-off:      **September 15, 2015**

6

     c.     Dispositive Motion Deadline:  **October 15, 2015**

     d.     Expert Disclosures:

        1.    **Plaintiff** anticipates engaging the services of an expert with regard to CDE reports, TCAP testing and the roles/job duties of the school district employees.

        **Defendant:** At this time the District does not anticipate engaging any experts other than rebuttal experts.

        2.    **Plaintiff** does not anticipate engaging the services of more than 4 experts at this time.

        **Defendant**:  At this time the District does not anticipate engaging any experts other than rebuttal experts.

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 14, 2015.

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 14, 2015.

     e.     Identification of Persons to Be Deposed:

**Plaintiffs:**

| Deponent | Estimated Length | Estimated Date |
|---|---|---|
| Brian Crowther | 4 hours | TBD |
| Rick Ivers | 4 Hours | TBD |
| Kevin Schott | 2 Hours | TBD |
| Jason Coombs | 2 Hours | TBD |
| Mark Bahr | 2 Hours | TBD |
| Russell Braiden | 2 Hours | TBD |
| Gary Hostettler | 2 hours | TBD |
| Joseph Baroz | 2 Hours | TBD |
| Natalie Rogers | 2 Hours | TBD |
| Steve Sorenson | 2 Hours | TBD |
| Robert Chavez | 2 Hours | TBD |
| Investigators for CDE | 2 Hours | TBD |

| Report | | |
|---|---|---|
| Any witness or individual who is made known through discovery | | TBD |
| | | |

**Defendants:**

        1.      Carla Archuleta – Seven hours

        2.      Joyce Zurkowski – Seven Hours

        3.      Elliot Asp – Seven Hours

        4.      Other CDE Investigator – Seven Hours

        5.      Any witness or individual who is made known through discovery.

        f.      Deadline for Interrogatories, Requests for Production of Documents and/or Admissions:
        All written discovery will be served so that responses are due on or before the discovery cut-off.

## 10.  DATES FOR FURTHER CONFERENCES

        a.      Status conferences will be held in this case at the following dates and times: _____

        b.      A final pretrial conference will be held in this case on _____at o'clock _____m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

The parties anticipate a five day jury trial on all issues so triable in this matter.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(d). by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The provisions of this Scheduling Order may be altered or amended only upon a showing of good cause.

Dated this ____ day of January, 2015

BY THE COURT:

_____
Kathleen M. Tafoya
United States District Court Magistrate

*APPROVED AS SUBMITTED THIS 15TH DAY OF JANUARY, 2015.*

CAPLAN AND EARNEST, LLC

*S/ W. Stuart Stuller*
M. Gwyneth Whalen
W. Stuart Stuller
1800 Broadway, Suite 200
Boulder, CO 80302
Phone: 303-443-8010
Email: GWhalen@celaw.com
SStuller@celaw.com
**Attorneys for Defendant**

LAW OFFICE OF RALPH G. TORRES

*S/ Ralph G. Torres*
1801 Broadway, Suite 1100
Denver, CO 80202
Phone: 303-297-8427
Email: RGTorres99@aol.com
**Attorney for Plaintiff**

9